UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DAWN CHESKY, | § | |
| Plaintiff, | § | CIVIL ACTION NO |
| | § | |
| v. | § | |
| | § | |
| DEPUY ORTHOPAEDICS, INC. | § | |
| and JOHNSON AND JOHNSON, INC., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

1.      Plaintiff brings the following claims against Defendants and respectfully states:

## PARTIES

2.      Plaintiff, Dawn Chesky is a resident of New York.

3.      Defendant, DePuy, Inc. is a Johnson & Johnson company. This Defendant's home office is located at 700 Orthopaedic Dr., Warsaw, IN 76581. This Defendant can be served by serving its registered agent CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201.

4.      Defendant, Johnson & Johnson, Inc. is a foreign corporation. This Defendant can be served by serving its registered agent National Registered Agents, Inc., 1021 Main St., Ste. 1150, Houston, Texas 77002.

## VENUE AND JURISDICTION

5.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because this controversy is between citizens of different states. In additional, the amount in controversy is in excess of $75,000 U.S.

6.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(a)(1) & (c), because Defendant is subject to personal jurisdiction in this district and is therefore a "resident" of this district.

## STATEMENT OF FACTS

7.      DePuy is a manufacturer and supplier of orthopaedic devices. DePuy maintains a sales force in Texas and has a sales representative that routinely calls on physicians located within the Eastern District of Texas.

8.      DePuy manufactured the DePuy Pinnacle Acetabular Cup System. This product is used for total hip replacements.

9.      Plaintiff underwent a total left hip replacement on September 28, 2006, at which time the DePuy Pinnacle Acetabular Cup System was placed.

10.     After the surgery, Plaintiff began to experience pain and other symptoms associated with failure of the subject product.

11.     On November 11, 2010, Plaintiff underwent a revision of the left total hip replacement.

12.     Plaintiff has suffered serious injuries and associated damages as a result of subject defective product.

## NEGLIGENCE CLAIMS

13.     Plaintiff repeats and re-alleges, as is fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

14.     It was the duty of the Defendant to use reasonable care in the manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, advertising, warning, and otherwise distributing hip replacement systems.

15.     Defendant was negligent in the following respects:

   a.     Failing to adequately and properly test and inspect the hip replacement systems so as to ascertain whether or not it was safe and proper for the purpose for which it was designed, manufactured and sold;

   b.     Failing to utilize and/or implement reasonably safe design practices in the manufacture of the hip replacement systems so as to avoid an unsafe finished product;

   c.     Failing to have adequate safety measures in place to test the hip replacement systems safety before releasing it for use on the public; and,

   d.     failing to timely and adequately warn physicians in the field after discovering the potential safety hazard and harm associated with the hip replacement systems.

16.     As a proximate result of Defendant's negligent acts and/or omissions, Plaintiff has suffered compensatory damages in an amount to be proven at trial.

## DESIGN, MANUFACTURING, AND MARKETING DEFECT CLAIMS

17.     Plaintiff repeats and re-alleges, as is fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

18.     Defendant manufactured a product, a hip replacement system, which was defectively designed, manufactured, and marketed.

19.     The subject hip replacement system was defectively designed and unreasonably

dangerous for its ordinary and foreseeable use. Safer alternative designs existed and were economically and technologically feasible.

20.      The subject hip replacement system varied from its designed specifications and was defectively manufactured.

21.      Each of the defects referenced above was a producing cause of Plaintiff's damages alleged herein.

## DAMAGES

22.      Plaintiff seeks all damages to which he is entitled at law for personal, emotional, economic, and physical injuries sustained in the past as well as those damages he will continue to sustain in the future as a result of the occurrence in question.

23.      Plaintiff has suffered personal injuries and is entitled to damages including, but not limited to:

        a.     medical and pharmaceutical expenses, past and future;

        b.     loss of earning capacity, past and future;

        c.     physical pain and suffering, past and future;

        d.     mental anguish, past and future;

        e.     disfigurement, past and future;

        f.     physical impairment, past and future; and,

        g.     medical and pecuniary losses in the past and future.

24.      Plaintiff seeks all damages to which he is entitled at law and/or equity for the physical, emotional and/or economic damages which he has sustained in the past and will sustain in the future.

## JURY DEMAND

25.     Plaintiff requests a jury be empanelled to determine the factual disputes in this matter.

## RELIEF REQUESTED

Plaintiff prays that upon a trial of this matter, he recovers his damages alleged herein and expenses and court costs.

Dated: 6/16/2022

Respectfully submitted,

Arati C. Furness
afurness@foresterhaynie.com
Jessica L. Wells
jwells@foresterhaynie.com
Matthew R. McCarely
mccarley@foresterhaynie.com
**FORESTER HAYNIE PLLC**
400 North Saint Paul Street, Suite 700
Dallas, TX 75201
Phone: (214) 210-2100
Fax: (469) 399-1070

Attorneys for Plaintiff